## LUCAS *v.* COLE & Tr.

The principal defendant is a competent witness for the party summoned as trustee, upon the trial of the issue between him and the plaintiff.

FOREIGN ATTACHMENT.   The principal defendant was defaulted, and the plaintiff elected to try the question of liability of the trustee by the jury, no disclosure having been taken.   On the trial of the issue the defendant offered the principal debtor as a witness, and the court ruled that he was incompetent to testify.   A verdict having been rendered for the plaintiff, the trustee moved to set the same aside and for a new trial, upon the ground that the witness had been erroneously excluded.

*Wells,* for the plaintiff, contended that public policy required the exclusion of the witness in such cases, to prevent collusion between the debtor and his trustee, for the purpose of concealing the property of the former from the view of the creditor.

*J. W. Williams,* for the trustee.

WOODS, J.   It was held in *Wallace* v. *Blanchard,* 3 N. H. 395, that the proceeding against the principal debtor and

the proceeding against the trustee in the process of foreign attachment were so far separate, that the principal debtor might be a witness for the plaintiff, upon being released from the debt, except so much of it as might be recovered against the trustee.

The principle of that case seems to be conclusive of the question raised in this. The interest of the principal defendant is with the plaintiff, since whatever the trustee is charged with becomes a fund to extinguish his indebtedness. In short, the suit against the trustee is for the benefit of the defendant in effect, so that he has an interest that the trustee shall be charged for the largest possible amount.

The law does not presume collusion to be practiced between the debtor and trustee for the purpose of concealing the property of the debtor, but will on the contrary presume that whatever goes to a man's just creditors, will be considered by him as going to his own benefit.

The ruling of the court was therefore erroneous, and the verdict must be set aside and a

*New trial granted.*